**Margarita OCAMPO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71293.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Sept. 13, 2010.*

Filed Sept. 30, 2010.

Aviva Poczter, Senior Litigation Counsel, Emily Anne Radford, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Margarita Ocampo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision finding her removable for participating in alien smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's findings of fact. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's determination that Ocampo is removable for alien smuggling where the evidence indicates she actively assisted in the alien smuggling attempt. *See Altamirano v. Gonzales,* 427 F.3d 586, 592 (9th Cir.2005) (requiring alien provide "some form of affirmative assistance to the illegally entering alien").

We lack jurisdiction to consider Ocampo's contentions that her border interrogation violated her regulatory rights under 8 C.F.R. § 287.3 and violated due process, requiring the exclusion of the

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Form I–213, because she failed to exhaust these contentions before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.